UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et al.<br><br>    Defendants. | No.  2:24-cv-03639-TLN-SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATION |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP")[1] and has submitted the affidavit required by that statute.  *See* 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.  However, for the reasons provided below, the Court finds Plaintiff's complaint fails to state a claim upon which relief can be granted and recommends this action be dismissed without leave to amend.

I.  SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

---

[1] The motion to proceed IFP was filed twice (ECF No. 5 & 8), as was a motion requesting permission for electronic filing (ECF No. 6 & 7).  It is unclear why multiple copies were filed.  All four motions are dated 12/31/24, however two were filed on 1/2/25 and two on 1/6/25.

Procedure.  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

### B.  The Complaint

Plaintiff's complaint names as defendants, Gavin Newsom, in his official capacity as Governor of California, and Robert Bonta, in his official capacity as Attorney General of California. ECF No. 1 at 1. Plaintiff challenges the constitutionality of California's Vexatious Litigant Statute, California Code of Civil Procedure §§ 391-391.7, as violating his First Amendment right to petition for redress of grievances. *Id.* at 2. Plaintiff alleges he is on the vexatious litigant ("VL") list "due to errors he made" while representing himself pro se. *Id*. at ¶ 8. Plaintiff alleges that the California State Bar routinely does not punish attorneys for errors, but that pro se litigants are put on the VL list. *Id.* at ¶¶ 12-13. Plaintiff alleges that persons on the VL list "are required to get approval prior to petitioning the Government for a redress of their grievances or to hire an attorney." *Id.* at ¶ 6. Plaintiff asserts that attorney fees are prohibitively high for many typical households. *Id.* at ¶¶ 17-19.

Plaintiff then makes factual allegations about other litigation he has engaged in, or attempted to engage in. He claims in 2020 he wanted to sue someone for stealing his $900 catalytic converter but he was not allowed to and the authorities would not arrest the person. *Id.* at ¶¶ 43-46. He claims undescribed property was stolen by a certain "Surani" and he wanted to sue Surani, but had to hire an attorney because he was on the VL list. *Id.* at ¶¶ 53-56, 72. Plaintiff contends that the attorney he hired did not respond to a motion to dismiss which resulted in the case being dismissed. *Id.* at ¶¶ 61-65. Plaintiff made a bar complaint against that attorney, but the attorney was not disciplined. Plaintiff complains that attorneys should be required to have malpractice insurance. *Id.* at ¶¶ 78-82.

Plaintiff contends that being on the VL list violates his First and Fourteenth Amendment rights. *Id.* at ¶¶ 83-89. Plaintiff seeks an Order requiring the State to pay his attorney fees while he is on the VL list, declare the Vexatious Litigant Statute unconstitutional, and to order all

attorneys to have malpractice insurance. ECF No. 1 at 9. Plaintiff also seeks $25 million dollars in damages. *Id.* Plaintiff attaches to his complaint a 30-page 2019 report by the California State Bar on the justice gap. ECF No. 1 at 10-42.

C. Analysis

Plaintiff seeks to challenge the constitutionality of California's VL statute and argues it violates his First and Fourteenth Amendment rights. The VL statute has already been challenged on "numerous constitutional grounds." *See Wolfe v. George*, 486 F.3d 1120, 1123 (9th Cir. 2007). In *Wolfe*, the plaintiff made several constitutional arguments including that it violated his First Amendment right to petition and Fourteenth Amendment due process and equal protection rights. *Id.* at 1124. The Ninth Circuit began by noting that the VL statute does not preclude all in pro per litigation by a VL, as it "permits" a VL to file a lawsuit "if it appears that the litigation has merit and has not been filed for the purpose of harassment or delay." *Id.* (quoting Cal. Code of Civ. P. § 391.7(b)). The Ninth Circuit stated:

> The California vexatious litigant statute is not unconstitutionally vague, because it "give[s] 'fair notice to those who might violate the statute.'" It is not overbroad, because there is no constitutional right to file frivolous litigation. "Just as false statements are not immunized by the First Amendment right to freedom of speech, ... baseless litigation is not immunized by the First Amendment right to petition." Under the California statute, a vexatious litigant may file potentially meritorious claims not intended solely to harass or delay, so the courthouse doors are not closed to him.

*Id.* at 1125 (citations omitted).

The Ninth Circuit also clearly addressed and rejected the Fourteenth Amendment challenge: "The California statute does not violate equal protection. Frequent pro se litigants are not a suspect class meriting strict scrutiny." *Id.* at 1126. The Ninth Circuit additionally rejected the due process argument that the VL statute created a financial barrier to accessing the courts, stating, "the California vexatious litigant statute does not deprive [plaintiff] of the opportunity to vindicate a fundamental right in court." *Id.*

The Ninth Circuit has subsequently found First Amendment challenges to California's VL statute to be "foreclosed by *Wolfe*" and stated the argument that the statute "impermissibly chills the First Amendment right to access the courts is meritless." *Sargent v. Cantil-Sakauye*, 812 F.

4

App'x 682, 683 (9th Cir. 2020); see also *Kobayashi v. Racho*, 271 F. App'x 692 (9th Cir. 2008) ("The district court properly dismissed for failure to state a claim [plaintiff's] challenges to the constitutionality of California's vexatious litigant statutes because those statutes are constitutional.").

California's state appellate courts agree that the VL statue is constitutional. In *Caron v. Cal. State Board of Pharm.*, 2022 WL 16943036, *11 (Cal. Ct. App. 2022), the Fourth District Court of Appeal "reach[ed] the same conclusion numerous courts before us have reached: the vexatious litigant statutes are constitutional." (Internal quotation and citations omitted). The *Caron* court also rejected an argument that the VL statute was an unconstitutional burden on access rights for the indigent, stating "there is no merit to Caron's contention that the vexatious litigation statues impermissibly burden indigent litigants' access to the court system or their right to petition the government for redress." *Id.* at *10; *see also In re Marriage of Richards*, 2023 WL 3243530, *9 (Cal. Ct. App. 2023) ("State and federal courts have repeatedly rejected constitutional challenges to vexatious litigant statutes.") (discussing four such cases).

In addition to seeking to declare the VL statute unconstitutional, Plaintiff seeks $25 million in damages. The only two named Defendants are Governor Newsom and Attorney General Bonta and, as stated in the caption, both are sued in their "official capacity."[2] Plaintiff cannot obtain damages under § 1983 against state officials sued in their official capacity. *See Cornel v Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) ("Cornel cannot seek damages from Hawaii and the parole office because they are not 'persons' under § 1983."); *see also Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) ("[S]tate officials sued in their official capacities . . . . are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity."). Defendants would be entitled to sovereign immunity from monetary damages. See *Lewis v. Clarke*, 581 U.S. 155, 162 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself."); *see also Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995) (superintendent

---

[2] See also paragraphs 23 & 24. Plaintiff also includes what appears to be a boilerplate paragraph (¶ 26) about Doe defendants, but there are no specific allegations against Doe defendants.

of state agency sued in his official capacity was entitled to Eleventh Amendment immunity).

Pursuant to 28 U.S.C. § 1915(e)(2), the court "shall dismiss" the case if it determines the action fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant immune from such relief.  As stated above, the Ninth Circuit has rejected challenges to California's vexatious litigant statute as "foreclosed" by existing precedent and "meritless."  The Court finds that the complaint fails to state a claim upon which relief can be granted, and impermissibly seeks monetary relief from state officials named in their official capacity.  The Court recommends that the action be dismissed.

## II.  AMENDING THE COMPLAINT

The Court has considered whether Plaintiff should be granted leave to amend.  The Court has liberally construed Plaintiff's pro se complaint and considered that generally pro se litigants are given an opportunity to amend.  See *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").  Here, granting leave to amend would be futile.  *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").  It is well-established in caselaw, as discussed *supra*, that California's vexatious litigant statute is constitutional and does not violate the First or Fourteenth Amendments.  Further, Defendants Newsom and Bonta, sued in their official capacity, are immune from Plaintiff's claims for monetary damages.

## III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 5 & 8) are GRANTED; and

2. Plaintiff's motions for permission for electronic filing (ECF No. 6 & 7) are DENIED.

**IT IS FURTHER RECOMMENDED THAT**:

1. Plaintiff's complaint be dismissed without leave to amend and this case be closed.

These findings and recommendations are submitted to the United States District Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: January 14, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE